CURTISS-WRIGHT CORP., APPELLANT, *v.* CORNELL, ADMR., ET AL., APPELLEES.*

(No. 5002—Decided March 2, 1955.)

---

*Motion to certify the record overruled, October 26, 1955.

*Messrs. Breed, Abbot & Morgan, Messrs. Dargusch & Caren,* and *Messrs. Thompson, Hine & Flory,* for appellant.

*Mr. C. William O'Neill,* attorney general, and *Mr. John W. Hardwick,* for appellee Ernest Cornell.

*Messrs. Porter, Stanley, Treffinger & Platt,* for appellee North American Aviation, Inc.

WISEMAN, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Franklin County sustaining a motion filed by North American Aviation, Inc., to dismiss an appeal filed by Curtiss-Wright Corporation from an order of the Administrator of the Ohio Bureau of Unemployment Compensation.

The Common Pleas Court held that Curtiss-Wright Corporation was not a party to the proceeding before the administrator; that the proceeding before the administrator was one to redetermine the contribution rate of North American Aviation, Inc., for the year 1952; that it was not essentially a proceeding to determine whether North American Aviation, Inc., was a successor in interest to Curtiss-Wright Corporation, although the question relative to the successor in interest was the major factor in redetermining the contribution rate; that Curtiss-Wright Corporation was not given the right to appeal from the order of the administrator redetermining the contribution rate of North American Aviation, Inc.; and that the court was without jurisdiction to entertain the appeal. From such order this appeal was taken. The assignments of error are directed to the above rulings.

Did the Common Pleas Court have jurisdiction to hear and determine the appeal of Curtiss-Wright? The determination of this question hinges on the nature of the proceeding before the administrator. North American contends it was a proceeding to redetermine its contribution rate. Curtiss-Wright contends it was a proceeding to determine whether North American was a successor in interest to Curtiss-Wright, it being shown by the evidence that in November 1950, North American purchased from Curtiss-Wright a substantial part

of the business located near the city of Columbus. If the proceeding was a "successor in interest" proceeding, then it is urged that Curtiss-Wright had the right to appeal under the provisions of Section 4141.26, Revised Code, on the ground that the order affected the liability of Curtiss-Wright "to pay contributions or the amount of such contributions." North American contends that while Section 4141.26, Revised Code, provides for an appeal from an order of the administrator determining the contribution rate, such appeal can be taken only by the "employer"; that an appeal from "all other determinations and orders of the administrator," from which Curtiss-Wright contends it took the appeal, likewise can be taken only by the "employer." An appeal from the order of the administrator must be grounded on the statute; unless the right of appeal is conferred by the statute, none exists.

We revert to a consideration of the nature of the proceeding. The formality of pleadings is not required in such a proceeding. Matters are presented to the administrator in an informal manner. We look to such pertinent pieces of evidence which we believe are determinative of the principal question.

This proceeding was initiated before the administrator by a letter dated December 8, 1951, directed to the chief of the contribution department by North American. The first paragraph is as follows:

"In an informal discussion in your office on Thursday, December 6, this company inquired as to the proper method of determining its contribution rate for 1952 and subsequent years. This letter is an application for a determination of that question."

The letter did refer to the successorship question; but as we interpret the letter, such reference was made only because the successorship affected the contribution rate. Letters were exchanged between the administrator and Curtiss-Wright which resulted in agreement on a date on which Curtiss-Wright should submit evidence on the question of successorship.

On December 31, 1951, the administrator notified North American that its contribution rate for 1952 was fixed at 2.3 per cent. It is apparent that after receipt of the application of

North American dated December 8, 1951, there was not sufficient time within which to present the facts to the administrator before the statutory date (December 31, 1951) arrived for fixing rates for the ensuing year. The evidence had not been submitted. Consequently, the 1952 rate was fixed at a higher rate. The matter then came on to be heard on the application of North American for a review and redetermination of the contribution rate, as evidenced by its letter to the bureau, dated January 29, 1952, the first paragraph of which is as follows:

"North American Aviation, Inc., hereby protests the contribution rate of 2.3 determined for the year 1952, as contained in the notification of the bureau mailed December 31, 1951. North American Aviation, Inc., also requests a review and redetermination of such rate."

It is contended by Curtiss-Wright that it had intervened in the proceedings. The statement of its counsel at the beginning of the hearing indicates a contrary intention. On this point the record is as follows:

"Mr. Hanson pointed out that Curtiss-Wright is not the petitioner or proponent, and that North American Aviation, Inc., is the party requesting that action be taken."

Under date of October 2, 1952, the administrator rendered his opinion, captioned as follows:

"In re the matter of the application of The North American Aviation, Inc., dated December 8, 1951, asking for a re-review and redetermination of its contribution rate for the year 1952 under the Ohio Unemployment Compensation Act."

The first paragraph of the decision is as follows:

"The administrator has given consideration to the above application and finds that on December 8, 1951, North American Aviation, Inc., requested a review and redetermination of its merit rate based upon the question as to whether or not it is the successor in interest to Curtiss-Wright Corporation."

In his decision, the administrator found that North American was the successor in interest to Curtiss-Wright and was "entitled to the resources and liabilities of its predecessor's account with the bureau." The contribution rate of North American was redetermined at .3 per cent.

Other items of evidence could be recited supporting the judgment of the lower court that the proceeding before the administrator was a rate determination proceeding.

The appellant, Curtiss-Wright, was not a party to this proceeding; was not made a party; was not an "employer" within the provisions of Section 4141.26, Revised Code; and was not entitled or empowered to appeal from the order.

Furthermore, the appeal is directed to the decision of the administrator rather than to the order of the administrator as required by statute. The appeal was taken before the administrator made the order redetermining the contribution rate of North American. Curtiss-Wright could not qualify as an "employer" in taking an appeal from such order. Consequently, Curtiss-Wright took its appeal from the decision of the administrator, in which was incorporated a finding on the question of successorship. This fact does not save the appeal. The statute provides that the appeal may be taken from the order of the administrator. Section 4141.26, Revised Code. The order must necessarily antedate the appeal. Thus, the appeal was improperly taken and was without statutory authority. The lower court was without jurisdiction to entertain the appeal, and it was properly dismissed.

Any further recitation of the facts or discussion of the many authorities cited by counsel in their briefs would unnecessarily lengthen the opinion and serve no useful purpose.

We are in accord with the judgment of the court below. We find no assignment of error well made.

*Judgment affirmed.*

MILLER, P. J., and HORNBECK, J., concur.